IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HAN MIN LEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-724 |
| | ) | |
| ZZIM USA, INC. *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

## ORDER

The matter came before the Court on defendants' motion for summary judgment (Doc. 59). The matter was fully briefed and argued.

For the reasons stated from the Bench, defendants' motion for summary judgment must be granted in part and denied in part. This is a Fair Labor Standards Act ("FLSA") hours-shaving case in which plaintiff argues that defendants did not pay him for the full amount of his overtime hours. Defendants operate a Korean style spa called "Spa World," where plaintiff was employed to clean and monitor the men's locker room and later the "Poultice Room." Plaintiff alleges that he regularly worked more than 40 hours a week while employed by defendants between April 26, 2014 and May 18, 2014, and was never paid the proper amount of overtime wages in accordance with the FLSA.

Defendants move for summary judgment on the ground that plaintiff was an exempt employee under the FLSA provision exempting from the minimum wage and maximum hour requirements of Sections 6 and 7 of the FLSA "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). An employee is subject to the

1

executive, administrative, or professional capacity exemption ("the executive exemption") if he meets the following four requirements:

> (i) The employee is compensated on a salary basis of not less than $455 per week;
>
> (ii) The employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (iii) The employee customarily and regularly directs the work of two or more other employees; and
>
> (iv) The employee has the authority to hire or fire other employees or his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a).

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The summary judgment record discloses no genuine dispute of material fact with respect to the first factor of the executive exemption test, namely, that plaintiff was compensated on a salary basis of not less than $455 per week. The record clearly shows that plaintiff was regularly paid the same bi-weekly amount (first $1,076, then $1,230, then $1,346 every other week). *See* Stipulation of Uncontested Facts ¶ 3. Plaintiff contends that he was, in fact, paid at on an hourly basis, and states that the consistency of his paychecks was due to defendants' improper hour-shaving practices which did not give him credit for all of his overtime hours. Yet, plaintiff's own deposition testimony and declaration contradicts his contention, because plaintiff admits therein

that he was promised $28,000 per year when he began work.[1] *See* Pltf.'s Ex. F, Declaration of Han Min Lee; Pltf.'s Ex. A, Dep. of Han Min Lee. In this regard, plaintiff testified that he "didn't hear about [an] hourly [rate of pay]" when he applied for the job; instead, plaintiff was told the rate was $28,000 per year. Pltf.'s Ex. A, Dep. of Han Min Lee at 29 ("Yes. On a yearly basis, yes, that's what I was going to be given. It is not the annual salary per se, but this is what we are going to give you in a year."). Although plaintiff provided employment records showing that defendants accounted for plaintiff's time at an hourly rate, the fact that an employer keeps an hourly accounting of time does not, by itself, indicate that the employee is an hourly rather than salaried employee. *See Aiken v. County of Hampton, S.C.*, 977 F. Supp. 390, 397 (D.S.C. 1997).[2] Accordingly, defendants are entitled to summary judgment on this factor.

Nevertheless, there remain genuinely disputed material facts with respect to the remaining three factors of the executive exemption test. Most importantly, the parties clearly dispute what job duties plaintiff was assigned and what job duties plaintiff actually performed. To fall within the executive exemption, plaintiff's primary job duties must have been managerial. *See* 29 C.F.R. § 541.102 (providing a nonexclusive list of managerial duties). Defendants contend that plaintiff's duties included (i) training employees, (ii) directing work, (iii) determining stock, (iv) controlling the distribution of materials, (v) providing for safety of the

---

[1] Specifically, plaintiff declared, "When I first had a job interview for my job with defendants, I was told that I would work 8 hours per day 6 days a week, and I was told that I would receive $28,000 a year for that work. The $28,000 was a fixed amount for my regular work of 48 hours per week, and I understood that 48 hours per week was guaranteed." Pltf.'s Ex. F, Declaration of Han Min Lee.

[2] *See also Anani v. CVS RX Svcs., Inc.*, 788 F. Supp. 2d 55 (E.D.N.Y. 2011) (stating that "a payroll accounting system which calculates an exempt employee's pay on an hourly basis does not indicate that the employee was not salaried" and collecting cases); *Palazzolo-Robinson v. Sharis Mgmt. Corp.*, 68 F. Supp. 2d 1186 (W.D. Wa. 1999) (same) (citing *McGuire v. City of Portland*, 159 F.3d 460, 464 (9th Cir. 1998) (hourly accounting system not sufficient to show that plaintiff employees were not salaried employees)).

3

property and customers, (vi) recommending promotions or other changes in employees' statuses, (vii) and disciplining subordinates. Plaintiff maintains that he did not perform these duties, did not supervise other employees, and that his primary duty was cleaning locker rooms and other areas of the spa. Establishing which duties plaintiff actually performed is necessary to determine whether those duties were managerial under the FLSA and then whether these managerial duties were plaintiff's "primary" duties. 29 C.F.R. § 541.102. Therefore, because there is a dispute as to these material facts, summary judgment is not appropriate with respect to the remaining factors of the executive exemption test.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendants' motion for summary judgment (Doc. 59) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **GRANTED** with respect to plaintiff being compensated on a salary basis within the meaning of 29 C.F.R. § 541.100(a). Defendants' motion is **DENIED** in all other respects.

It is further **ORDERED** that in advance of the bench trial in this matter scheduled for Wednesday, August 19, 2015, the parties are each **DIRECTED** to file proposed findings of fact and conclusions of law by 5:00 p.m. on Monday, August 17, 2015.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 10, 2015

/s/
T. S. Ellis, III
United States District Judge

4